SUSAN BARNHART, as Administrator )
of the Estate of Roy D. Barnhart, Sr., )
Deceased, )
)
vs. ) NO.: 13-CV-00772-DRH-DGW
)
THE VILLAGE OF BUCKNER, ILLINOIS, )
and PATROLMAN WILLIAM )
MCKINNEY, Individually and in his )
Official Capacity as an Officer for the )
Buckner Police Department, and THE )
CITY OF CHRISTOPHER, ILLINOIS, and )
OFFICER RICHIE DALE, Individually and )
in his Official Capacity as an Officer for the )
Christopher Police Department. )

## COMPLAINT

COMES NOW, Plaintiff Susan Barnhart, as Administrator of the Estate of Roy D. Barnhart, Sr., by and through her attorneys Jarrod P. Beasley and Matthew P. Young of The Kuehn Law Firm and for her Complaint against The Village of Buckner, Illinois and Patrolman William McKinney, Individually and in his Official Capacity as an Officer for the Buckner Police Department, and The City of Christopher, Illinois, and Officer Richie Dale, Individually and in his Official Capacity as an Officer for the Christopher Police Department states as follows:

## FACTS

1. Plaintiff and decedent are and were at all relevant times a resident of Buckner, Illinois, Franklin County, Illinois.

Page 1 of 17

2. Plaintiff, Susan Barnhart, is the surviving spouse of Roy Barnhart, Sr., Deceased, and is the duly appointed Administrator of the Estate of Roy Barnhart, Sr.

3. The Defendant, Village of Buckner, is a municipal corporation and governmental unit within the State of Illinois, County of Franklin.

4. At all relevant times, Defendant Patrolman William McKinney, was a police officer employed by Buckner Police Department to perform duties.

5. The Defendant, City of Christopher, is a municipal corporation and governmental unit within the State of Illinois, County of Franklin.

6. At all relevant times, Defendant Officer Richie Dale, was a police officer employed by Christopher Police Department to perform duties.

7. On or about July 7, 2013, Roy Barnhart, Jr., was at his home in Buckner, Illinois. Mr. Barnhart, Jr's ex-wife was initiating a dispute over the ownership of a trailer.

8. Officer William McKinney knocked on Mr. Barnhart, Jr's residence and began yelling at him.

9. Mr. Barnhart, Jr., retreated to call his father. Officer McKinney continued to yell at Barnhart, Jr., and his wife.

10. Mr. Barnhart, Jr., called his father who had the title to the trailer.

11. During this time, Officer Richie Dale of the Christopher Police Department arrived.

12. Mr. Barnhart, Sr., indicated he would come right over with the title to the trailer.

13. Mr. Barnhart, Sr., arrived on the scene on his lawn tractor.

14. Mr. Barnhart, Sr., indicated to the officers that he had the title to the trailer.

15. The Officers refused to allow Barnhart, Sr., to show them the legal title and an argument ensued.

16. At that point, Officer McKinney pepper sprayed or maced Barnhart, Sr., in his face, to the point that his t-shirt was saturated.

17. Blinded and not under arrest, Barnhart, Sr., began stumbling toward his son's home to wash his eyes out.

18. Officer McKinney, knowing that Barnhart, Sr., had a pacemaker, tazered Barnhart, Sr., in the back.

19. Barnhart, Sr., collapsed on the gravel driveway, and was convulsing.

20. Officer McKinney then handed the tazer to Officer Dale and instructed him to "hit him again." Officer Dale complied.

21. Barnhart, Jr., seeing this, contacted 911 emergency services for relief from these officers.

22. While on the ground in a dazed state, the officers punched, kicked and stomped Barnhart, Sr.

23. Barnhart, Sr., was now handcuffed and the beating continued after he was handcuffed.

24. Finally, first responders were able to stop McKinney and the beating subsided.

25. As a result of his injuries, Barnhart, Sr. was transported via ambulance to Herrin Hospital where he was airlifted to St. Louis University Hospital in St. Louis, Missouri where he ultimately succumbed to his injuries and died on July 12, 2013.

## COUNT I
### Patrolman William McKinney – 42 U.S.C. § 1983

26. Plaintiff hereby incorporates Paragraphs 1-25 as if fully set forth herein.

27. That at all times mentioned herein, the Defendant, Patrolman McKinney was acting under color of law.

28. That Patrolman McKinney, without provocation or any legal justification, tasered Decedent Plaintiff, causing severe physical damage.

29. That the aforementioned acts by the defendant constituted grossly excessive force and an illegal seizure in violation of the Plaintiff's fourth and fourteenth amendment rights.

30. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, was killed, was deprived of his life, lost the enjoyment of his life, and consciously endured pain and suffering with accompanying mental distress of those injuries and his impending death prior to his actual death. The Estate of Roy Barnhart, Sr. incurred medical expenses, funeral expenses, grief, diminished value from the loss of Roy Barnhart, Sr.'s annual income, and other pecuniary damages.

31. Furthermore, Roy Barnhart, Sr.'s surviving spouse, Susan Barnhart, suffered the grief of the loss of her husband, the loss of his society and companionship, and the loss of his support from his annual income. The derivative claims for Roy Barnhart Sr.'s wife for her loss of society, companionship, and support are limited to Barnhart Sr.'s federal civil rights claims against the defendants.

WHEREFORE, the Plaintiff, Susan Barnhart, as Administrator of the Estate of Roy D. Barnhart, Sr., Deceased, demands judgment against the Defendant, Patrolman William McKinney, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), punitive damages in excess of $50,000, attorney's fees pursuant to 42 USC 1988, and costs.

## COUNT II
### The Village of Buckner, Illinois – 42 U.S.C. § 1983

32. Plaintiff hereby incorporates Paragraphs 1-25 as if fully set forth herein.

33. At all times mentioned herein, the defendant, the Village of Buckner, Illinois, had customs, policies, and practices that violated the Fourth Amendment rights of its arrestees under the United States Constitution, including, but not limited to:

    a. It hired and retained Officer McKinney, knowing that he was likely to violate the rights of his arrestees;

    b. It hired Officer McKinney knowing or should have known he had routinely violated the rights of arrestees previously and had been fired by at least two (2) other police departments;

    c. It failed to properly train, investigate, discipline, and/or fire Officer McKinney for such violations; and

    d. Otherwise violated plaintiff's constitutional rights.

34. That the aforementioned acts by the defendant constituted grossly excessive force and an illegal seizure in violation of the Plaintiff's fourth and fourteenth amendment rights.

35. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, was killed, was deprived of his life, lost the enjoyment of his life, and consciously endured pain and suffering with accompanying mental distress of those injuries and his impending death

prior to his actual death. The Estate of Roy Barnhart, Sr. incurred medical expenses and funeral expenses and was diminished in value from the loss of Roy Barnhart, Sr.'s annual income.

36. Furthermore, Roy Barnhart, Sr.'s surviving spouse, Susan Barnhart, suffered the grief of the loss of her husband, the loss of his society and companionship, and the loss of his support from his annual income. The derivative claims for Roy Barnhart Sr.'s wife for her loss of society, companionship, and support are limited to Barnhart Sr.'s federal civil rights claims against the defendants.

WHEREFORE, the Plaintiff, Susan Barnhart, as Administrator of the Estate of Roy D. Barnhart, Sr., Deceased, demands judgment against the Defendant, Village of Buckner, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), punitive damages in excess of $50,000, attorney's fees pursuant to 42 USC 1988, and costs.

## COUNT III
### The Village of Buckner, Illinois – Indemnification

37. Plaintiff hereby incorporates Paragraphs 1-36 as if fully set forth herein.

38. Pursuant to 745 ILCS 10/9-102 the local governmental entity is required to pay any tort judgment or settlement for compensatory damages of its employee while acting within the scope of his employment.

39. Defendant McKinney was acting in the course and scope of his employment at all times referenced in the complaint.

40. The Village of Buckner is an indispensable party to this litigation under Federal Rule 19.

WHEREFORE, the Plaintiff, Susan Barnhart, as Administrator of the Estate of Roy D. Barnhart, Sr., Deceased, demands judgment against the Defendant Village of Buckner for the amount of any judgment entered against Defendant McKinney in Count I and for such further relief as this Court deems just and proper.

## COUNT IV
### Officer Richie Dale – 42 U.S.C. § 1983

41. Plaintiff hereby incorporates Paragraphs 1-25 as if fully set forth herein.

42. That at all times mentioned herein, the Defendant, Officer Richie Dale was acting under color of law.

43. That Officer Richie Dale, without provocation or any legal justification, and after plaintiff lay on the ground in handcuffs and convulsing, tasered Decedent Plaintiff, causing severe physical damage.

44. That the aforementioned acts by the defendant constituted grossly excessive force and an illegal seizure in violation of the Plaintiff's eighth fourth and fourteenth amendment rights.

45. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, was killed, was deprived of his life, lost the enjoyment of his life, and consciously endured pain and suffering with

accompanying mental distress of those injuries and his impending death prior to his actual death. The Estate of Roy Barnhart, Sr. incurred medical expenses and funeral expenses and was diminished in value from the loss of Roy Barnhart, Sr.'s annual income.

46. Furthermore, Roy Barnhart, Sr.'s surviving spouse, Susan Barnhart, suffered the grief of the loss of her husband, the loss of his society and companionship, and the loss of his support from his annual income. The derivative claims for Roy Barnhart Sr.'s wife for her loss of society, companionship, and support are limited to Barnhart Sr.'s federal civil rights claims against the defendants.

WHEREFORE, the Plaintiff, Susan Barnhart, as Administrator of the Estate of Roy D. Barnhart, Sr., Deceased, demands judgment against the Defendant, Officer Richie Dale, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), punitive damages in excess of $50,000, attorney's fees pursuant to 42 USC 1988, and costs.

## COUNT V
### City of Christopher, Illinois – 42 U.S.C. § 1983

47. Plaintiff hereby incorporates Paragraphs 1-25 and 41 through 46 as if fully set forth herein.

48. At all times mentioned herein, the defendant, the City of Christopher, Illinois, had customs, policies, and practices that violated the Fourth Amendment

rights of its arrestees under the United States Constitution, including, but not limited to:

    a. It hired and retained Officer Dale, knowing that he was likely to violate the rights of his arrestees; and

    b. It failed to properly train, investigate, discipline, and/or fire Officer Dale for such violations; and

    c. Otherwise violated plaintiff's constitutional rights.

49. That the aforementioned acts by the defendant constituted grossly excessive force and an illegal seizure in violation of the Plaintiff's eighth and fourth amendment rights.

50. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, was killed, was deprived of his life, lost the enjoyment of his life, and consciously endured pain and suffering with accompanying mental distress of those injuries and his impending death prior to his actual death. The Estate of Roy Barnhart, Sr. incurred medical expenses and funeral expenses and was diminished in value from the loss of Roy Barnhart, Sr.'s annual income.

51. Furthermore, Roy Barnhart, Sr.'s surviving spouse, Susan Barnhart, suffered the grief of the loss of her husband, the loss of his society and companionship,

and the loss of his support from his annual income. The derivative claims for Roy Barnhart Sr.'s wife for her loss of society, companionship, and support are limited to Barnhart Sr.'s federal civil rights claims against the defendants.

WHEREFORE, the Plaintiff, Susan Barnhart, as Administrator of the Estate of Roy D. Barnhart, Sr., Deceased, demands judgment against the Defendant, City of Christopher, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), punitive damages in excess of $50,000, attorney's fees pursuant to 42 USC 1988, and costs.

## COUNT VI
### The City of Christopher, Illinois – Indemnification

52. Plaintiff hereby incorporates Paragraphs 1-25 and 41 through 46 as if fully set forth herein.

53. Pursuant to 745 ILCS 10/9-102 the local governmental entity is required to pay any tort judgment or settlement for compensatory damages of its employee while acting within the scope of his employment.

54. Defendant Dale was acting in the course and scope of his employment at all times referenced in the complaint.

55. The City of Christopher is an indispensable party to this litigation under Federal Rule 19.

WHEREFORE, the Plaintiff, Susan Barnhart, as Administrator of the Estate of Roy D. Barnhart, Sr., Deceased, demands judgment against the City of Christopher for

the amount of any judgment entered against Defendant Dale in Count IV and for such further relief as this Court deems just and proper.

## Count VII
### VILLAGE OF BUCKNER - Willful and Wanton

56. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 36 as if fully set forth herein.

57. That, as more particularly stated above, Defendant acted intentionally or with reckless disregard for the health and well-being of the Plaintiff in allowing its agent to unlawfully arrest, tase and kill the decedent Plaintiff without just cause.

58. Further, on information and belief, Buckner Police Department was aware of the dangerous propensities of Patrolman William McKinney and failed to either discipline or terminate him and continued to allow him to act as a peace officer.

59. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, was killed, was deprived of his life, lost the enjoyment of his life, and consciously endured pain and suffering with accompanying mental distress of those injuries and his impending death prior to his actual death. The Estate of Roy Barnhart, Sr. incurred medical

expenses and funeral expenses and was diminished in value from the loss of Roy Barnhart, Sr.'s annual income.

60. Furthermore, Roy Barnhart, Sr.'s surviving spouse, Susan Barnhart, suffered the grief of the loss of her husband, the loss of his society and companionship, and the loss of his support from his annual income. The derivative claims for Roy Barnhart Sr.'s wife for her loss of society, companionship, and support are limited to Barnhart Sr.'s claims against the defendants.

WHEREFORE, the plaintiff, demands judgment against the Defendant Village of Buckner, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000), plus costs.

## Count VIII
### Patrolman William McKinney - Willful and Wanton

61. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 31 as if fully set forth herein.

62. That, as more particularly stated above, Defendant acted intentionally or with reckless disregard for the health and well-being of the Plaintiff by participating in tasing, handcuffing, and killing decedent Plaintiff without just cause.

63. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, was killed, was deprived of his life, lost the

enjoyment of his life, and consciously endured pain and suffering with accompanying mental distress of those injuries and his impending death prior to his actual death. The Estate of Roy Barnhart, Sr. incurred medical expenses and funeral expenses and was diminished in value from the loss of Roy Barnhart, Sr.'s annual income.

64. Furthermore, Roy Barnhart, Sr.'s surviving spouse, Susan Barnhart, suffered the grief of the loss of her husband, the loss of his society and companionship, and the loss of his support from his annual income. The derivative claims for Roy Barnhart Sr.'s wife for her loss of society, companionship, and support are limited to Barnhart Sr.'s claims against the defendants.

WHEREFORE, the Plaintiff demands judgment against the Defendant Patrolman McKinney, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000), plus costs.

## Count IX
## City of Christopher - Willful and Wanton

65. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 25 and 41 through 46 as if fully set forth herein.

66. That, as more particularly stated above, Defendant acted intentionally or with reckless disregard for the health and well-being of the Plaintiff in allowing its agent to unlawfully arrest, tase and kill the decedent Plaintiff without just cause.

67. Further, on information and belief, Christopher Police Department was aware of the dangerous propensities of Officer Dale and failed to either discipline or terminate him and continued to allow him to act as a peace officer.

68. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, was killed, was deprived of his life, lost the enjoyment of his life, and consciously endured pain and suffering with accompanying mental distress of those injuries and his impending death prior to his actual death. The Estate of Roy Barnhart, Sr. incurred medical expenses and funeral expenses and was diminished in value from the loss of Roy Barnhart, Sr.'s annual income.

69. Furthermore, Roy Barnhart, Sr.'s surviving spouse, Susan Barnhart, suffered the grief of the loss of her husband, the loss of his society and companionship, and the loss of his support from his annual income. The derivative claims for Roy Barnhart Sr.'s wife for her loss of society, companionship, and support are limited to Barnhart Sr.'s claims against the defendants.

WHEREFORE, the plaintiff, demands judgment against the Defendant City of Christopher, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000), plus costs.

## Count X
## Officer Richie Dale - Willful and Wanton

70. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 25 and 41 through 46 as if fully set forth herein.

71. That, as more particularly stated above, Defendant acted intentionally or with reckless disregard for the health and well-being of the Plaintiff by participating in tasing, handcuffing, and killing decedent Plaintiff without just cause.

72. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, was killed, was deprived of his life, lost the enjoyment of his life, and consciously endured pain and suffering with accompanying mental distress of those injuries and his impending death prior to his actual death. The Estate of Roy Barnhart, Sr. incurred medical expenses and funeral expenses and was diminished in value from the loss of Roy Barnhart, Sr.'s annual income.

73. Furthermore, Roy Barnhart, Sr.'s surviving spouse, Susan Barnhart, suffered the grief of the loss of her husband, the loss of his society and companionship, and the loss of his support from his annual income. The derivative claims for Roy Barnhart Sr.'s wife for her loss of society, companionship, and support are limited to Barnhart Sr.'s claims against the defendants.

WHEREFORE, the Plaintiff demands judgment against the Defendant Officer Dale, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000), plus costs.

Respectfully Submitted,

/s Jarrod P. Beasley
Jarrod P. Beasley #6274536
Attorney for Plaintiff
The Kuehn Law Firm
23 Public Square, Suite 450
Belleville, IL 62220
Phone: 618.277.7260
Fax: 618.277.7718
jarrodbeasley@kuehnlawfirm.com