IN THE UNTED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SUSAN BARNHART, as Administrator
of the Estate of Roy D. Barnhart, Sr.,
Deceased,**

vs.

**THE VILLAGE OF BUCKNER, ILLINOIS,
and PATROLMAN WILLIAM
MCKINNEY, Individually and in his
Official Capacity as an Officer for the
Buckner Police Department, and THE
CITY OF CHRISTOPHER, ILLINOIS,
and OFFICER RICHIE DALE, Individually
and in his Official Capacity as an Officer
for the Christopher Police Department.**          NO. 13-CV-00772-DRH-DGW

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending now before the Court is defendant William McKinney's motion to stay proceedings (Doc. 5) and his memorandum in support (Doc. 6). Plaintiff Susan Barnhart opposes the motion (Doc. 7). In connection with the death of her husband, Roy D. Barnhart, Sr., Barnhart has filed a civil lawsuit against Patrolman McKinney, the Village of Buckner, Illinois, Officer Richie Dale and the City of Christopher, Illinois. Defendant McKinney argues in his motion that he is currently facing criminal charges in Franklin County, Illinois, and that if he proceeds in this civil case, it would adversely affect his Fifth Amendment privilege against self-incrimination and be unfairly prejudicial to him.

Plaintiff Barnhart argues, in opposition, that the United States Constitution does not "require a stay of civil proceedings pending the outcome of civil proceedings." In support of her contention that McKinney is not entitled to a stay of the civil proceedings, Barnhart relies on *Jacksonville Savings Bank v. Kovack*, 326 Ill. App. 3d 1131 (2002). However, the holding in *Jacksonville* is inapposite. In that case, unlike here, no criminal charges had been filed against the defendant. *Id.* at 1137. In the case before the court, McKinney is facing criminal charges.

In a very similar case in a sister circuit, the Northern District of Illinois granted a stay to the defendant. *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881-82 (N.D. Ill. 2005). In *Doe*, a police officer, along with the City of Chicago and two other officers, faced a civil suit for sexual assault, along with criminal charges arising from the same incident. *Id.* at 881. Although the other parties in the civil suit were not facing criminal charges, the court held that the defendant's alleged action was central to both the civil and the criminal and was closely related to the plaintiff's claims against the other parties. *Id.*

Here, similarly, the civil suit and the criminal charges against McKinney arise from the same incident. As would the defendant's privilege in *Doe*, McKinney's Fifth Amendment privilege would potentially be threatened by defending his civil suit on the same subject matter as the criminal proceeding. *Id.* Likewise, the Court notes that if the matter is stayed only as to McKinney, the other defendants would be greatly disadvantaged if they are forced to proceed with

litigation without his involvement. Therefore, the Court **GRANTS** McKinney's motion to stay this matter until the conclusion of the criminal charges against him. The Court **STAYS** the matter as to all defendants until the criminal charges against McKinney are concluded.

**IT IS SO ORDERED.**

Signed this 8th day of August, 2013.

Digitally signed by
David R. Herndon
Date: 2013.08.08
16:27:46 -05'00'

**Chief Judge
United States District Court**