IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SUSAN BARNHART, AS ADMINISTRATOR OF THE ESTATE OF ROY D. BARNHART, SR. DECEASED, | ) ) ) ) | |
| Plaintiff | ) ) ) | |
| vs. | ) | No. 13-CV-772-SMY-DGW |
| THE VILLAGE OF BUCKNER, ILLINOIS, AND PATROLMAN WILLIAM MCKINNEY INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN OFFICER FOR THE BUCKNER POLICE DEPARTMENT AND THE CITY OF CHRISTOPHER, ILLINOIS, AND OFFICER RICHIE DALE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN OFFICER FOR THE CHRISTOPHER POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW Comes the Defendant, Village of Buckner, Illinois, by Bleyer and Bleyer, its attorneys, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, says:

**FACTS**

1.   Defendant, Village of Buckner, Illinois, admits the allegations of Paragraph 1.

2.   Defendant, Village of Buckner, Illinois, admits the allegations of Paragraph 2.

3.   Defendant, Village of Buckner, Illinois, admits the allegations of Paragraph 3.

4.   Defendant, Village of Buckner, Illinois, admits the allegations of Paragraph 4.

5.   Defendant, Village of Buckner, Illinois, admits the allegations of Paragraph 5.

6.      Defendant, Village of Buckner, Illinois, admits the allegations of Paragraph 6.

7.      Defendant, Village of Buckner, admits that Amanda Barnhart contacted the police indicating that her ex-husband had taken items that did not belong to him but otherwise denies each and every remaining allegation of Paragraph 7.

8.      Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 8.

9.      Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 9.

10.     Defendant, Village of Buckner, Illinois, lacks sufficient knowledge to either admit or deny the allegations of Paragraph 10; however, to the extent a response is required the Defendant denies each and every allegation of Paragraph 10.

11.     Defendant, Village of Buckner, admits that Officer Richie Dale of the Christopher Police Department was present; otherwise, Defendant denies each and every remaining allegation of Paragraph 11.

12.     Defendant, Village of Buckner, lacks sufficient knowledge to either admit or deny the allegations of Paragraph 12; however, to the extent a response is required the Defendant denies each and every allegation of Paragraph 12.

13.     Defendant, Village of Buckner admits that at some point Mr. Barnhart, Sr., arrived at the scene but otherwise denies each and every remaining allegation of Paragraph 13.

14.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 14.

15.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 15.

16.     Defendant, Village of Buckner is under the belief that Officer McKinney used pepper spray but otherwise denies the remaining allegations of Paragraph 16.

17.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 17.

18.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 18.

19.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 19.

20.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 20.

21.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 21.

22.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 22.

23.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 23.

24.     Defendant, Village of Buckner denies the beating as alleged and further denies each and every allegation of Paragraph 24.

25.     Defendant, Village of Buckner admits that Barnhart, Sr., was transferred to Herrin Hospital and subsequently to St. Louis University Hospital and is now deceased; otherwise the Defendant denies each and every remaining allegation of Paragraph 25.

## COUNT I

### Patrolman William McKinney-42 U.S.C. §1983

Defendant, Village of Buckner makes no response to Count I in that there are no allegations against this Defendant in said count.

## COUNT II

### Village of Buckner, Illinois-42 U.S.C. §1983

32.     Defendant, Village of Buckner, repeats and realleges its answers to Paragraphs 1 thru 25 as and for its answer to Paragraph 32.

33.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 33, specifically denying Subparagraphs a, b, c, and d.

34.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 34.

35.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 35.

36.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 36.

WHEREFORE, Defendant, Village of Buckner, demands that Plaintiff take nothing by Count II of her Complaint and this Defendant have judgment for its costs in this cause most wrongfully sustained.

**DEFENDANT DEMANDS TRIAL BY JURY**

## COUNT III

### Village of Buckner, Illinois-Indemnification

37.     Defendant, Village of Buckner, repeats and realleges its answers to 1-25 and 32-36 as and for its answers to Paragraph 37.

38.     Defendant, Village of Buckner, Illinois, neither admits nor denies the allegations of Paragraph 38 in that they are nothing more than legal conclusions and not ultimate facts; however, to the extent a response is required, the Defendant denies each and every allegation of Paragraph 38.

39.     Defendant, Village of Buckner, Illinois, admits the allegations of Paragraph 39.

40.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 40.

WHEREFORE, Defendant, Village of Buckner, Illinois, demands that Plaintiff take nothing by Count III of her Complaint and this Defendant have judgment for its costs in this cause most wrongfully sustained.

**DEFENDANT DEMANDS TRIAL BY JURY**

### COUNT IV

### OFFICER RICHIE DALE-42 U.S.C.§1983

Defendant, Village of Buckner makes no response to Count IV in that there are no allegations against this Defendant in said count.

## COUNT V

## CITY OF CHRISTOPHER, ILLINOIS 42-U.S.C. §1983

Defendant, Village of Buckner makes no response to Count V in that there are no allegations against this Defendant in said count.

## COUNT VI

## CITY OF CHRISTOPHER, ILLINOIS -INDEMNIFICATION

Defendant, Village of Buckner makes no response to Count VI in that there are no allegations against this Defendant in said count.

## COUNT VII

## VILLAGE OF BUCKNER-WILLFUL AND WANTON

56.     Defendant Village of Buckner repeats and realleges its answers to Paragraphs 1 through 36 as and for its answers to Paragraph 56.

57.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 57.

58.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 58.

59.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 59.

60.     Defendant, Village of Buckner, Illinois, denies each and every allegation of Paragraph 60.

WHEREFORE, Defendant, Village of Buckner, demands that Plaintiff take nothing by Count VII of her Complaint and this Defendant have judgment for its costs in this cause most wrongfully sustained.

**DEFENDANT DEMANDS TRIAL BY JURY**

## COUNT VIII

### PATROLMAN WILLIAM MCKINNEY-WILLFUL AND WANTON

Defendant, Village of Buckner makes no response to Count VIII in that there are no allegations against this Defendant in said count.

## COUNT IX

### CITY OF CHRISTOPHER-WILLFUL AND WANTON

Defendant, Village of Buckner makes no response to Count IX in that there are no allegations against this Defendant in said count.

## COUNT X

### OFFICER RICHIE DALE-WILLFUL AND WANTON

Defendant, Village of Buckner makes no response to Count I in that there are no allegations against this Defendant in said count.

### FIRST AFFIRMATIVE DEFENSE

NOW Comes the Defendant, Village of Buckner, Illinois, by Bleyer and Bleyer, its attorneys, and for its First Affirmative Defense states that the Plaintiff's Complaint fails to state a cause of action as a matter of law and fails to allege any constitutional violations against the individual officer or the Village of Buckner.

**DEFENDANT DEMANDS TRIAL BY JURY**

## SECOND AFFIRMATIVE DEFENSE

NOW Comes the Defendant, Village of Buckner, Illinois, by Bleyer and Bleyer, its attorneys, and for its Second Affirmative Defense states that the Plaintiff's Complaint was not filed within the applicable limitations.

**DEFENDANT DEMANDS TRIAL BY JURY**

## THIRD AFFIRMATIVE DEFENSE

NOW Comes the Defendant, Village of Buckner, Illinois, by Bleyer and Bleyer, its attorneys, and for its Third Affirmative Defense states that Officer William McKinney is entitled to qualified immunity and in that Officer William McKinney is entitled to qualified immunity, Defendant, Village of Buckner, Illinois cannot be found liable if the Defendant Officer William McKinney is not liable.

**DEFENDANT DEMANDS TRIAL BY JURY**

## FOURTH AFFIRMATIVE DEFENSE

NOW Comes the Defendant, Village of Buckner, Illinois, by Bleyer and Bleyer, its attorneys, and for its Fourth Affirmative Defense states that the use of force by Officer William McKinney was objective and reasonable in light of the circumstances and therefore, Officer William McKinney is not liable and if Officer William McKinney is not liable, then Defendant, Village of Buckner, Illinois is not liable.

**DEFENDANT DEMANDS TRIAL BY JURY**

## FIFTH AFFIRMATIVE DEFENSE

NOW Comes the Defendant, Village of Buckner, Illinois, by Bleyer and Bleyer, its attorneys, and for its Fifth Affirmative Defense states that Officer William McKinney had legal justification to arrest Plaintiff, Roy Barnhart, Sr., and Officer William McKinney is not liable to

the Plaintiff, Roy Barnhart, Sr., and if Officer William McKinney is not liable to the Plaintiff,

then Defendant Village of Buckner, Illinois is not liable.

**DEFENDANT DEMANDS TRIAL BY JURY**

**SIXTH AFFIRMATIVE DEFENSE**

NOW Comes Defendant Village of Buckner, by Bleyer and Bleyer, its attorneys,

and for its Sixth Affirmative Defense states that without waiving its denial of liability to

Plaintiff, that pursuant to 735 ILCS 5/2-1116, assuming that 100 percent represents the

total combined negligence or fault of the parties to this action or any third party

defendants who could have been sued by the Plaintiff, the contributory fault on the part

of the Plaintiff was more than 50 percent of the total proximate cause of the alleged

injuries or damages for which recovery is sought and, therefore, there is no liability on

the part of the Defendant.  In the alternative, in thee vent that it is found the contributory

fault on the part of the Plaintiff is not more than 50 percent of the proximate cause of the

alleged injuries or damages for which recovery is sought, then any damages allowed

must be diminished in proportion to the amount of fault attributable to the Plaintiff.

**DEFENDANT DEMANDS TRIAL BY JURY**

BLEYER and BLEYER

S/Joseph A. Bleyer
Attorney Registration No. 6193192
Attorneys for Defendant, Village of Buckner, Illinois

BLEYER AND BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:     (618)997-1331
Facsimile:      (618)997-6559
e-mail:          jableyer@bleyerlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2015, I electronically filed an Answer and

Affirmative Defenses on behalf of the Village of Buckner, Illinois, with the Clerk of the Court

using CM/ECF System which will send notifications of such filing to the following:

Mr. Jarrod P. Beasley                              Mr. Jerome E. McDonald
The Kuehn Law Firm                                 Black Hedin Ballard McDonald
23 Public Square, Suite 450                        108 South 9th Street
Belleville, IL 62220-1600                          Post office Box 4007
                                                   Mt. Vernon, IL 62864-8607

Mr. Charles A. Pierce
Pierce Law Firm, P.C.
#3 Executive Woods Court
Suite 200
Belleville, IL 62226-7602

I hereby certify that on February 11, 2015, I mailed by United States Postal Service, the

documents to the following nonregistered participants:

None

S/JOSEPH A. BLEYER

BLEYER AND BLEYER
Attorneys at Law
601 West Jackson Street
Post Office Box 487
Marion, IL 62959-0487
Telephone:     (618)997-1331
Facsimile:     (618)997-6559
e-mail:        jableyer@bleyerlaw.com