IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUSAN BARNHART, as Administrator of the Estate of Roy D. Barnhart, Deceased,<br><br>　　Plaintiff,<br><br>v.<br><br>THE VILLAGE OF BUCKNER, ILLINOIS; PATROLMAN WILLIAM McKINNEY, Individually and in his Official Capacity as an Officer for the Buckner Police Department, THE CITY OF CHRISTOPHER, ILLINOIS; and OFFICER RICHARD DALE, Individually And in his Official Capacity as an Officer For the Village of Christopher Police Department,<br><br>　　Defendants. | Case No. 13-772-SMY-DGW |

## RESPONSE IN OPPOSITION OF MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Plaintiff, and for her Response in Opposition to Motion For Partial Summary Judgment, states as follows:

Defendants motion is fundamentally misguided as it sets forth disputed material facts as its basis. The Motion is premised on this continued assertion that Officer McKinney "slapped" Mr. Barnhart in the face while handcuffed. This is not an undisputed material fact.

In fact, the Buckner Fire Chief, David Dolderer responded to the scene and had begun rendering first aid to Mr. Barnhart when the strike happened. In his own words, Chief Dolderer described, "I was facing the victim and my back was towards Officer McKinney. As I was about to start, Officer McKinney came from behind and over the top of me and struck the victim in the head with a closed fist." See Report of Chief David Dolderer attached as Exhibit A.

This description is reiterated in his deposition.

> Q. And then you say in here as I was about to start, Officer McKinney came from behind and over the top of me and struck the victim in the head with a closed fist. Is that correct? Do you remember that?
> A. Yes.

See Deposition of David Dolderer attached hereto as Exhibit B at pgs. 23:23-24:4.

This very clearly depicts a punch, not a slap. In fact, the only person that describes it as a slap is former Officer McKinney.

Defendants also advance this theory that the strike occurred to the left side of Mr. Barnhart's face. The testimony of Chief Dolderer again contradicts this assertion. He described the punch as being to the right side of the head causing Mr. Barnhart to slump over onto his left side. See Exhibit B at pgs. 24-25. This may seem like a small detail until one recalls that the source of the subdural hematoma that killed Mr. Barnhart originated on the right side of the head.

Further, Assistant Fire Chief, Alan Minton, also describes the strike to the right side of the head. See Deposition of Alan Minton attached hereto as Exhibit C at pgs. 14-15.

So, rather than a slap to the left side of the face, we have evidence of a punch to the right side of the head. This is a substantial issue of fact that renders summary judgment inappropriate.

Setting aside the factual dispute, the legal theory advanced is spurious at best. Defendants cite to *Estate of Phillips v. City of Milwaukee*, 123 F. 3d 586 (7th Cir. 1997) and *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991) for the proposition that "Plaintiff must identify the specific conduct of the officer that is alleged to be excessive and unreasonable and that it caused the injury complained of." In fact, those cases stand for the proposition that a plaintiff cannot ask a jury to infer that an officer used excessive force based solely on the fact that an injury occurred. *Id.* The rule of *Phillips* and *Brownell* focuses on the type of proof required to

establish the *first element* of an excessive force claim, that is, that the officer used objectively unreasonable force under the circumstances.

Excessive force here is obvious. Plaintiff isn't asking a jury to conclude excessive force based on injuries sustained. The numerous examples of excessive force were witnessed by multiple persons and at least one instance of excessive force was admitted to by Defendant McKinney in his guilty plea that accompanied his felony conviction arising out of these facts. See Guilty Plea and Statement of Facts attached hereto as Exhibits D and E.

In fact, Defendants cite to another Seventh Circuit case to support their position that "this is a case which requires the plaintiff to establish causation through 'specific and detailed expert testimony.'" See Defendants' Memorandum in Support at pg. 8. The case cited for this proposition is *Cyrus v. Town of Mukwonogo*, 624 F. 3d 856 (7th Cir. 2010). Instead, in *Cyrus*, the Seventh Circuit overturned summary judgment in favor of Defendants and remanded, holding "the record contains enough evidence from which a reasonable jury could conclude as a matter of lay judgment that the excessive use of force – if indeed Czarnecki's use of force was excessive and unreasonable – cause Cyrus's death. Common-law rules of tort causation apply to §1983 claims." *Cyrus*, 624 F.3d at 864.

Not only does *Cyrus* not support Defendants' position, it actually wholly supports plaintiff. Distilled to its essence, Defendants are asking this Court to abandon the general rule that causation be left to the jury without citing a single case to support the position.

Further, Defendants repeatedly argue Plaintiff has no evidence to suggest the punch caused the death. This is flatly wrong. Roy Barnhart, Sr. died as a result of trauma caused by a closed head injury. See Dr. Scantlebury Deposition, attached as Exhibit F at pg. 29:4-6. She further testified she is aware of 3 possible causes of the head injury, the fall from the tazer, the

fall while handcuffed when Officer McKinney threw him down, or the punch to the face. She testified clearly, any one of the 3 is the cause and the injuries could be consistent with all of them. See Exhibit F at pgs. 28:24-29:3 and 29:7-10. There is absolutely no evidence to suggest any other cause. Most importantly, ALL 3 of these potential causes were unquestionably delivered by the Defendants in this case.

Plaintiff is not asking the finder of fact to speculate about the cause of Mr. Barnhart's death, but rather will be asking the finder of fact to infer causation, logically, from the undisputed facts and competent evidence. This is not only the general rule, it is also exactly the rule followed by the Seventh Circuit in *Abdullahi v. City of Madison*, 423 F.3d 763 (7th Cir. 2005).

Defendants' motion must fail because it ignores substantial issues of material fact. In doing so, Defendants are suggesting to the Court that if the jury believes the evidence already adduced that Officer McKinney punched Mr. Barnhart in the right side of the head while handcuffed and if they believe Mr. Barnhart died as a result of a subdural hematoma that originated on the right side of Mr. Barnhart's head, the jury cannot, as a matter of law, infer that McKinney's punch was the cause of the death. This suggestion and this result would be absurd and in derogation of common law principles.

Respectfully Submitted,

/s Jarrod P. Beasley
Jarrod P. Beasley #6274536
Attorney for Plaintiff
The Kuehn Law Firm
23 Public Square, Suite 450
Belleville, IL 62220
Phone: 618.277.7260
Fax: 618.277.7718
jarrodbeasley@kuehnlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2015, I electronically filed the **RESPONSE IN OPPOSITION OF MOTION FOR PARTIAL SUMMARY JUDGMENT** with the Clerk if the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Jarrod P. Beasley
The Kuehn Law Firm
23 Public Square, Suite 450
Belleville, IL 62220
Phone: 618.277.7260
FAX: 618.277.7718
jpbeasley@kuehnlawfirm.com