IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUSAN BARNHART, as Administrator )
of the Estate of Roy D. Barnhart, )
Deceased, )
      )
     Plaintiff, )
      )
v. )      Case No. 13-772-SMY-DGW
      )
THE VILLAGE OF BUCKNER, )
ILLINOIS; PATROLMAN WILLIAM )
McKINNEY, Individually and in his )
Official Capacity as an Officer for the )
Buckner Police Department, THE CITY OF )
CHRISTOPHER, ILLINOIS; and )
OFFICER RICHARD DALE, Individually )
And in his Official Capacity as an Officer )
For the Village of Christopher Police )
Department, )
      )
     Defendants. )

## MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE

Now comes the defendant, WILLIAM McKINNEY, Individually, by and through his undersigned attorneys, PIERCE LAW FIRM, P.C., and pursuant to Federal Rule of Civil Procedure 37(c)(1), and for his Motion to Strike Plaintiff's Expert Disclosure, states as follows:

1.     This is a claim for excessive use of force in which plaintiff makes the allegation that the conduct of one or more of the defendants caused the death of Roy Barnhart, Sr.

2.     Causation has been hotly contested since the initiation of this claim.

3.     This suit was initially filed on July 31, 2013. A stay was entered by the Court on August 8, 2013 and lifted on November 10, 2014. Upon lifting the stay, a Joint Report and Scheduling Order was entered by this Court obligating plaintiff to disclose any expert witnesses by March 9, 2015. (Document No. 26).

1

4.      Plaintiff did not disclose any such experts prior to that deadline.

5.      On May 7, 2015, for the first time, plaintiff filed a Supplemental Response to Defendant's Interrogatory as well as a Supplemental Disclosure Pursuant to Rule 26 which is attached hereto as Exhibit A.  It purports to disclose a Dr. Jeroen Coppens as an "independent expert", i.e., a treating physician.  Plaintiff indicates that he spoken with this doctor on May 7, 2015 and that Dr. Coppens will testify that "the subdural hematoma was caused by trauma".[1]

6.      Plaintiff's disclosure is untimely and for that basis Dr. Coppens cannot testify in this case as an expert witness.

7.      The Seventh Circuit has long held that even treating physicians, if they intend to offer opinion testimony, including causation testimony, must be disclosed pursuant to Federal Rule 26 and:

> Each disclosure should be delivered by the deadline for expert disclosures set by the trial judge under Rule 26(a)(2)(C).  *Musser v. Gentiva Health Services*, 356 F.3d 751, 757.

8.      Failure to timely disclose a proposed expert witness mandates automatic exclusion of that witness's testimony unless the party can show that its failure to disclose was substantially justified and harmless.  Federal Rule of Civil Procedure 37(c)(1); *Johnson v. Target Corp.*, 487 Fed. Appx. 298, 300 (7th Cir. 2012).

9.      There is an important distinction between identifying someone as a witness as opposed to an expert witness.  The defendants "should not be made to assume that each witness disclosed by the [plaintiff] could be an expert witness at trial".  *Musser,* 356 F.3d at 757.

---

[1] That fact is not in dispute.  The dispute surrounds which trauma caused the subdural hematoma as certain actions would be attributable to one defendant and not the other.  Plaintiff's vague disclosure that Dr. Coppens will testify "that the subdural hematoma was caused by trauma" is fatally defective as vague as it does not apprise defendants <u>which</u> trauma Dr. Coppens feels was the cause of the subdural hematoma.

10.     The untimely disclosure in this case is far from harmless.  In reliance on the lack of expert testimony, the defendants have filed a Motion for Summary Judgment on this very issue.  Further, defendants have an expert disclosure of May 9, 2015.  Under the staggered discovery schedule entered by this Court, defendants are entitled to not only have a disclosure but entitled to take the depositions of any opinion witnesses prior to having to disclose their own.

11.     This case is similar to the recent decision entered in *McGown v. Arnold*, 2014 U.S. Dist. LEXIS 153706 (N.D. Ind. 2014) (collecting cases).  See also *Moriconi v. Koester*, 2014 U.S. Dist. LEXIS 101334 (C.D. Ill. L2014).  The *Moriconi* case is factually very similar.  In that case, the plaintiff sought to present evidence from his treating physicians that a taser caused the death of the subject.  That Court, in construing the *Musser* case correctly found that treating physicians who will render opinion are subject to Federal Rule of Evidence 702, 703, and 705 and, as such, even though an expert report may not be necessary, they still must timely disclosed not only as a fact witness but as an expert witness.  *Musser*, 356 F.3d at 757.  That court, in reliance on longstanding Seventh Circuit precedent, found that the failure to timely disclose any expert witnesses, including treating physicians, barred the plaintiff from presenting causation testimony.

12.     Defendant is not arguing that plaintiff's failure to timely disclose was willful or done in bad faith and therefore is not seeking any of the available monetary sanctions under Federal Rule of Civil Procedure 37(c)(1).

13.     Based on the status of the record, defendant also believes that the witness must be barred as an expert report was not provided pursuant to Rule 26(a)(2).  Defendant recognizes the general rule that treating  physicians are not subject to the court requirements of Federal Rule of Civil Procedure 26.  As several courts, including this court, have recognized, "If, however, a

treating physician gives an opinion that she formed beyond her involvement in the case, then such a treating physician would be a retained expert and written report must be disclosed." *Metro Casualty Insurance Co. v. Goriola*¸ 2013 U.S. Dist. LEXIS 6872 (7th Dist. IL 2013).  The Seventh Circuit has made it very clear that:

> A treating physician who has offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one "retained or specially employed to provide expert testimony in the case" and thus is required to submit an expert report in accordance with Rule 26(a)(2).  *Meyers v. Amtrak*, 619 F.3d 729, 734 (7th Cir. 2010).

Plaintiff's very bare-bones disclosure does not reveal the breadth or source of Dr. Coppens' opinions.  Should a deposition reveal that his opinions go beyond the scope of his role as a treating physician, defendants reserve the right to object to the admissibility of this testimony on the basis that an expert report was not provided.  Defendants believe that at present the record is not sufficiently developed for the parties or the Court to examine that issue.  Thus far, there has been nothing disclosed by the plaintiff which would reasonably put defendants on notice that Dr. Coppens had any opinions as to which of the traumas caused the subdural hematoma.  Plaintiff's counsel has apparently elucidated these opinions by way of a telephone call on May 7, 2015.  In the event that the Court does not bar Dr. Coppens from presenting opinions based on his untimely disclosure, it should, at a minimum, examine this issue at a hearing prior to the evidence being submitted to a jury so that it can be determined whether in fact Dr. Coppens developed these opinions as part of his treatment or, as is more likely, developed the causation opinions in the course of litigation.  See e.g., *Meyers v. Amtrak*, 619 F.3d at 734, *McGown v. Arnold*, 2014 U.S. Dist. LEXIS 153706 (N.D. Ind. 2014) (collecting cases); *EEOC v. AutoZone,* 707 F.3d 824 (7th Cir. 2013).

14.     The plaintiff has had more than ample opportunity to disclose expert testimony in this case and has elected not to do so.  The purpose of an agreed scheduling order is to allow the case to move forward smoothly and in a manner in which both sides are afforded a fair opportunity to conduct discovery and evaluate the claim.  Plaintiff's disregard for the plain language of the rules as well as the order demands that this Court apply the "mandatory" exclusion of Dr. Coppens as an expert in accordance with Rule 37.

WHEREFORE, the defendant, WILLIAM McKINNEY, Individually, respectfully requests that this Court enter an order finding that plaintiff's disclosure of Dr. Coppens was untimely and bar Dr. Coppens from presenting any opinion testimony at trial.  Defendant further prays that the Court strike Dr. Coppens' expert disclosure on the grounds that a report was not provided in accordance with Federal Rule of Civil Procedure 26.  In the alternative, defendant respectfully requests that this Court reserve the admissibility of any opinions of Dr. Coppens until such time as plaintiff can establish the proper foundation and establish the compliance with a report requirement of Federal Rule of Civil Procedure 26 was not required in this circumstance. Defendant further requests such other relief as this Court deems equitable and proper.

Respectfully Submitted,

By: s/Charles A. Pierce
PIERCE LAW FIRM, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL 62226
Phone: 618-277-5599
Fax: 618-239-6080
E-mail: cpierce@piercelawpc.com
Attorney Bar # 06208106

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2015 I electronically filed a MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE on behalf of the defendant, WILLIAM McKINNEY, Individually, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mr. Jarrod P. Beasley
Kuehn, Beasley & Young, P.C.
23 Public Square, Suite 450
Belleville, IL  62220

Mr. Jerome E. McDonald
Black, Hedin, Ballard, McDonald, P.C.
108 South 9th Street
P. O. Box 4007
Mt. Vernon, IL  62864

Mr. Joseph A. Bleyer
Bleyer and Bleyer
601 West Jackson Street
Marion, IL  62959

Respectfully submitted,

s/CHARLES A. PIERCE
Pierce Law Firm, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL  62226
Phone: (618) 277-5599
Fax: (618) 239-6080
E-mail: cpierce@piercelawpc.com
Attorney Bar Number # 06208106